VIOLET M. BAUGHMAN, APPELLANT, V. CITY OF OMAHA, APPELLEE.

7 N. W. (2d) 365

FILED JANUARY 6, 1943.. No. 31518.

*James M. Patton,* for appellant.

*Harold C. Linahan, W. W. Wenstrand, Edward Sklen-icka* and *G. H. Seig, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

ROSE, J.

This is a proceeding under the workmen's compensation law. Comp. St. 1929, secs. 48-101 to 48-161.

Thomas A. Baughman, a detective sergeant of the police department in Omaha, was struck by an automobile on Thirteenth street south of Dodge street, February 2, 1941, at 12:09 a. m., was fatally injured by the impact and died six hours later, leaving his widow, Violet M. Baughman, and six children under 21 years of age.

At the time of the accident the city employee's salary was $160 a month, and his widow, plaintiff, petitioned the compensation court for an allowance of $15 a week for the statutory period and for funeral expenses of $150.

The city of Omaha, defendant, denied liability to plaintiff for compensation. A judge of the compensation court heard the parties to the cause and disallowed the claim. Plaintiff appealed to the district court, where, upon a trial,

there was a finding that Thomas A. Baughman was not engaged in the performance of his duties as an employee of defendant at the time of the fatal accident. From the dismissal of the proceeding, plaintiff appealed to the supreme court.

The parties agree that the only question involved in this case is whether or not the employee was acting within the scope of his employment for the city of Omaha at the time of the accident resulting in his death. There is no dispute over the facts. Both parties rested at the close of plaintiff's evidence. The following facts are shown by the record: On February 2, 1941, the city employee, Baughman, was a detective sergeant on the police force. His assignment for duty on that date was "misdemeanor detail, petty larceny, theft." His shift was from 4:00 o'clock in the afternoon until midnight. He checked "off duty" at the police station at 12 o'clock at night and started on foot toward his home. He left the sidewalk on Thirteenth street south of Dodge street, passed between two parked cars at the curb, entered a lane of public travel for vehicles while walking diagonally across Thirteenth street toward three men who were standing in front of the Dodge Hotel or tavern and was struck by an automobile and fatally injured at 12:09 o'clock the same night. He was armed at the time and wore the insignia of a policeman, but had not been assigned to any special duty. There was then no appearance of disorder about the hotel or tavern.

In addition to proving the foregoing facts plaintiff introduced in evidence a manual of general rules and regulations of the police department which was in effect at the time of the fatal accident and applicable to each member, including employee, the detective sergeant. The manual provides in substance: Each member shall devote his time and attention to the business of the department; shall not be employed or engaged in any other business or calling; shall be deemed always on duty; shall have the same responsibility for suppression of disturbances when not in uniform as when in uniform. The rules in the manual re-

quire patrolmen to prevent crime; to watch the conduct of persons with known bad character; to watch disreputable houses; to pay particular attention to all public houses and drinking places.

Provision is made by statute for workmen's compensation "When personal injury is caused to an employee by accident arising out of and in the course of his employment." Comp. St. 1929, sec. 48-101. The language quoted, however, is declared by the workmen's compensation law "Not to cover workmen except while engaged in, on or about the premises where their duties are being performed, or where their service requires their presence as a part of such service at the time of the injury, and during the hours of service as such workmen." Comp. St. 1929, sec. 48-152. See *Richtarik v. Bors, ante,* p. 226, 5 N. W. (2d) 199. The evidence is that the hours of the employee's shift were from 4:00 p. m. to 12:00 m.; that he reported off duty to the police station at midnight; that the accident occurred nine minutes later when he was on his way home from work. "At the time of the injury," therefore, he was on his way home and not where his services required his presence on his eight-hour shift. There is no evidence that his duty to his employer required him to be in the place of danger in the street where he was struck by an automobile or that detective or police services were required at the hotel or tavern. "Awards for compensation cannot be based upon speculation, possibilities, or probabilities." *Wayne County v. Lessman,* 136 Neb. 311, 285 N. W. 579. Outside the eight-hour shift, special duties had not been assigned to or required of him. The occasion for the performance of general or voluntary services imposed by the manual of the police department at the time of the accident was not shown by sufficient evidence to overturn the findings of the district court.

AFFIRMED.