CHARLES R. SCOTT, Circuit Judge.
Petitioner, City of Miami Beach, filed a petition for writ of certiorari to review an order of the Florida Industrial Commission affirming an order of the deputy commissioner awarding the respondent, Nicholas P. Valeriani, workmen’s compensation benefits.
Respondent, Valeriani, was employed as a detective by the petitioner and had left his home on July 2, 1960, in Coral Gables in plainclothes in his own personal unmarked automobile to report for work at the Miami Beach Police Department at 8:00 o’clock a. m. Valeriani had previously been commissioned at the request of his employer as a deputy sheriff of Dade County to assist him in his work with the Juvenile and Missing Persons Division of the Miami Beach Police Department. The expenses of his bond as a deputy sheriff were paid for by the petitioner, but he did not receive any compensation as a deputy sheriff.
Valeriani had stopped his automobile in the City of Miami about 7:45 o’clock a. m., as the result of an altercation with a truck driver who had crowded his car as he was attempting to turn off of Biscayne Boulevard to go over the McArthur Causeway into Miami Beach at the 13th Street corner in Miami.
The truck driver also stopped and as Valeriani walked back toward the truck driver for the purpose of making an arrest as a deputy sheriff of Dade County for a traffic law violation he held a Miami Beach Police identification card in one hand and a Metropolitan Dade County deputy sheriff’s identification card in the other hand. When Valeriani reached the fender of the truck the truck driver assaulted and beat him, resulting in severe injuries. No arrest was actually made by Valeriani, but an *227 arrest of the truck driver was then made by a police officer of the City of Miami who came upon the scene, which was about a mile from the city limits of Miami Beach.
The deputy commissioner found that claimant sustained injuries as the result of this altercation with the truck driver arising out of and in the course of his employment with petitioner. The full commission in affirming found that claimant’s injuries arose out of and in the course of his employment and that claimant apparently was trying to forestall an imminent “invasion” of the streets of Miami Beach by a dangerous truck driver. The petitioner contended that the claimant was not entitled to compensation because his injury did not arise out of and in the course of his employment with petitioner. In addition, petitioner contended that in the absence of statutory authority a municipal police officer who has also become a deputy sheriff at his employer’s request has no authority from his employer to investigate a traffic offense or make an arrest for a traffic offense outside the boundary of his municipality.
The Metropolitan Dade County Traffic Code gives authority to municipal police officers within their boundaries to enforce the provisions of that Code. Section 30-165(a) of the Code reads:
“It shall be the duty of the public safety department and municipal police officers within their boundaries to enforce the provisions of this chapter.” (Emphasis supplied.)
Accordingly, it is clear that claimant had authority to make arrests within the City of Miami Beach for violations of its ordinances as well as violations of the Metropolitan Dade County Traffic Code. But claimant certainly had no right as a municipal police officer of the City of Miami Beach to make arrests for violations of the Dade County Traffic Code in the City of Miami, and we so hold.
Factual situations somewhat comparable have been before the appellate courts in other states and petitioner relies for reversal of the award to claimant upon the decisions in Taylor v. Town of Wake Forest (North Carolina Supreme Court, 1947), 228 N.C. 346, 45 S.E.2d 387, and Hacker v. City of Potosi (St. Louis Court of Appeal, Missouri, November 15, 1960), 340 S.W. 2d 166. And respondent, Valeriani, relies for denial of the petition for writ of certiorari upon Sweat v. Allen (Fla.1941), 145 Fla. 733, 200 So. 348.
In Taylor v. Town of Wake Forest, 228 N.C. 346, 45 S.E.2d 387, Taylor, a constable of Wake Forest Township, employed by the Town of Wake Forest as a special officer to help keep order at nights and on weekends in the business section of the town, was killed while trying to arrest a person outside the limits of the Town of Wake Forest. The Town of Wake Forest lies within Wake Forest Township. The widow and daughter of decedent proceeded under the North Carolina Workmen’s Compensation Act to determine the liability of the Town of Wake Forest for the death of the constable. They were awarded compensation benefits by the hearing commissioner, which was affirmed by the full commission. The question before the Supreme Court of North Carolina was whether or not the death of the constable resulted from injury by accident arising out of and in the course of his employment by the Town of Wake Forest within the meaning of the Workmen’s Compensation Act. The Court said in reversing the compensation award: Text 390.
“The evidence clearly shows that the Town of Wake Forest sought the services of Taylor in his capacity as a township constable, and engaged him to do specific work within the limits of a certain territory and during certain hours. The evidence also shows clearly that the mortal injury which Taylor received did not occur in the performance of the specific work he was engaged to do within the limits of the ter *228 ritory to which his employment by the Town of Wake Forest related.
******
“And this Court has held the powers and duties of constables are co-extensive with the limits of the county within which they are elected.
% ?]: í¡« s{: ‡
“Such being the powers and duties of a constable, to hold that since the Town of Wake Forest makes a special arrangement with a township constable to do a specific job in certain territory within the corporate limits of the Town, it constitutes such constable its employee wherever he may go in the performance of his duty as such in Wake County, in which the Town is located, would present a rather anomalous position.”
In Hacker v. City of Potosi, Mo.App., 340 S.W.2d 166, the claimant was injured by being shot by a person claimant was attempting to arrest for a violation of law outside the limits of the City of Potosi. Compensation was sought by the claimant, who was a police officer employed by the City of Potosi, which was denied by the referee and the order of the referee denying compensation was affirmed by the full commission, as well as the Circuit Court.
The claimant was a police officer of the City of Potosi, Washington County, Missouri, as well as a duly appointed deputy sheriff in and for Washington County. Claimant and the Chief of Police of Potosi gave chase to a speeding automobile which they observed within the corporate limits of Potosi. They pursued the speeder into the county and into a residence where the speeder had taken refuge. It was there the shooting occurred. There was no right of fresh pursuit in Missouri involving the violation of a city ordinance of cities of the fourth class, which was the designation given the City of Potosi. The sole question presented was whether or not the claimant’s injuries did or did not arise out of and in the course of his employment as a police officer. The St. Louis Court of Appeal in affirming the denial of compensation said: Text 171.
“The evidence shows that the City of Potosi employed claimant as a police officer. Under the statutes and decisions construing same, his sphere of action as a police officer, as far as making arrests was concerned, was limited to the territory embraced within the city limits. Neither the chief of police nor any other city officer could enlarge his statutory authority. At the time he was injured he was attempting to make an arrest outside the city limits. This was beyond the scope of his employment. Where an employee goes beyond the scope of his employment he is not acting in the course of his employment, and compensation in such a case will be denied. Fowler v. Baalmann, supra [Mo.Sup., 234 S.W.2d 11] ; Heaton v. Ferrell, supra [Mo.App., 325 S.W.2d 800]; Brown v. Anthony Mfg. Co., supra [Mo., 311 S.W.2d 23].”
In Sweat v. Allen (Fla.1941), 200 So. 348, this Court held that Allen, whose sole employment was that of a deputy sheriff of Duval County, was entitled to compensation when he was struck and injured by a truck while walking from his home to catch a bus to go to work. We said:
“The case at bar is not that of an ordinary workman going to work; for by the very nature of the service the claimant performed, he was continuously intrusted with certain duties, namely, to protect the peace and safety of the community and apprehend those guilty of its violation. His personal life was subservient at all times to call of official service; he was, so to speak, on guard twenty-four hours a day, with no increase in salary in proportion to the time devoted. This high duty of the office rested upon the claimant and was a part of his employment notwithstanding the fact that he was immediately *229 assigned as the jailer, for the word ‘employment’, as used in the Workmen’s Compensation Act, refers to the whole period of time or sphere of activities, regardless of whether the employee is actually engaged in doing the thing he was employed to do. Wirta v. North Butte Mining Co., 64 Mont. 279, 210 P. 332, 30 A.L.R. 964.
“As shown by the record, the claimant’s employment did require him to be upon the street upon occasion. And while he was not there in response to an order on the morning of his injury, he was within his employment for he was still charged with a duty or task connected therewith. We do not believe it would be denied or controverted that the injury arose out of and in the course of claimant’s employment had he on that occasion been attempting to arrest a drunken driver and been run down. Yet, there is the same, ‘causal connection’ of the employment to the injury between the facts in the illustration and those in the case at bar.”
The facts in the Sweat v. Allen decision distinguish it from the facts in the case at bar. There Allen, even though on his way to work, was in a position to carry out his duties as a deputy sheriff of Duval County and make an arrest if necessary and proper at the place where he was injured because it was in Duval County. Here Valeriani, a Miami Beach detective, was not in a position to make an arrest at the place where he was injured as a police officer of Miami Beach but only as a deputy sheriff of Dade County because he had no power to make an arrest outside of Miami Beach for a violation of the Metropolitan Dade County Traffic Code. This we believe is the essential point of difference which caused this Court to affirm an award of compensation benefits to Allen and requires us to deny them to Valeriani. Claimant, according to his own testimony, was acting as a deputy sheriff of Dade County in attempting to make an arrest and we are not here concerned with any possible compensation claim against Dade County, but only one against the City of Miami Beach.
Claimant testified with reference to the truck driver’s actions that “I had made up my mind that he was driving erratically and I was going to drive behind him and follow him to the Beach. He got in the lane to go to the Beach and I was going to observe him”. Based upon this evidence the full commission said: “In this case claimant apparently was trying to forestall the imminent ‘invasion’ of the streets of Miami Beach by a dangerous driver.” It is impossible to reconcile this facet of claimant’s case with his claim that he was injured by an accident arising out of and in the course of his employment as a detective with the Miami Beach Police Department when he had not yet reported for work and was at least a mile away from the Miami Beach city limits at the time and was attempting to make an arrest in the City of Miami as a Dade County deputy sheriff. In addition, the statement that an invasion of the streets of Miami Beach by a dangerous truck driver was about to take place a mile away from the city limits simply because a truck was headed in that general direction is not supported by competent substantial evidence.
We hold that the injury to respondent, Valeriani, did not arise out of and in the course of his employment with petitioner, City of Miami Beach.
The petition for writ of certiorari is granted and the order of the Commission is quashed and the cause remanded to the Commission with instructions to enter an order in accordance with this opinion.
It is so ordered.
ROBERTS, C. J., and THOMAS, THORNAL and O’CONNELL, JJ., concur.