■ In the Matter of PHILIP TELLER, Appellant, v. EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent.— Judgment, Supreme Court, Albany County, entered on July 9, 1970, affirmed, without costs (see *Matter of Pincus* v. *Nyquist*, 39 A D 2d 611). No opinion. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Reynolds, JJ., concur.

■ In the Matter of the Claim of MADALYN JUNA, Respondent, v. NEW YORK STATE POLICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed October 18, 1971. Richard T. Juna, a trooper with the New York State Police, assigned to Troop C, Zone 1, Sidney, New York, was killed in an automobile accident on February 8, 1970 as he was returning, after a two-day leave, to the barracks where he normally resided while on a tour of duty. His home, where he had spent his leave time, was at Mohawk, New York, a little over 60 miles from his duty station and outside the geographic area of Zone 1 of Troop C. On that day decedent was scheduled to commence a tour of desk duty from 4:30 P.M. to 12:30 A.M. The accident occurred at about 3:00 P.M. after he entered the geographic area of Zone 1 of Troop C. Under the New York State Police Regulations decedent was subject to call 24 hours a day; was prohibited from any kind of outside employment or activity for two hours preceeding his assigned tour of duty; was required to take prompt and proper action in all police matters as required whether on leave or on an assigned tour of duty; and was further required to assure his availability at his assigned station with a minimum of delay consistent with safety. At the time of the accident he was performing his duty, in the sense that he was in the process of placing himself in the position of being available at his assigned station with minimum delay in the event of need, as required by the regulations. Appellant contends that decedent was not an outside worker and that his employment did not begin until he reported to work. Under the circumstances here, the differentiation between inside and outside employees is not in point. The evidence indicates that, although he was normally assigned to desk duty, he was subject at all times to being assigned to other duties and was required to perform other duties whenever he recognized the need for the same or was assigned thereto. At the time of the accident decedent was within the geographical area in which he normally worked and was precluded by the regulations from engaging in any other type of work. He was, therefore, under the control of his employer for the benefit of his employer. Substantial evidence supports the determination of the board that decedent was acting in the course of his employment at the time of the accident. Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Greenblott, Cooke, Kane and Reynolds, JJ., concur.