Jack R. MOUNTS *v.* BECHTEL Corporation and INDUSTRIAL INDEMNITY Co.

73-281                                    507 S.W. 2d 99

Opinion delivered April 1, 1974

*Williams & Gardner,* for appellant.

*Smith, Williams, Friday, Eldredge & Clark,* by: *Boyce R. Love,* for appellees.

CARLETON HARRIS, Chief Justice. This is a workmen's compensation case. Appellant, Jack R. Mounts, was employed by the appellee, Bechtel Corporation, which, together with its insurance carrier, Industrial Indemnity Company, is an appellee in this case. He had previously worked in the labor and construction field since 1936, and had injured his back in 1960 or 1961. As a result of that injury, he had undergone back surgery and had received a 33

per cent disability rating. Subsequent thereto, he had worked on other construction jobs, and testified that up until the time he commenced his employment with Bechtel, had only missed a week of work, due to exhaustion, in 1967. Under his employment with Bechtel, he acted as a crew foreman, the duties being mainly supervisory, a Union rule prohibiting a foreman from engaging in the actual labor; however, he testified that on particular occasions he would help members of the crew if they were in a "bind". Mounts testified that about a month or month and a half prior to May 2, 1971, his back had bothered him, and he had received two treatments on the job for back pain, one during his last week of work. The witness said that during this last week on the job, he worked overtime; that he left work on Friday, April 30, 1971, intending to return on Monday; he went to a chiropractor on Saturday, May 1, for x-rays, and early Sunday morning, May 2, he was sitting at the table drinking coffee with his legs crossed when he suddenly sneezed, falling to the floor and being unable to move. Mounts was first taken to a hospital at Dardanelle and subsequently sent to Little Rock where he was treated by Dr. Thomas M. Fletcher, a neurosurgeon of the latter city. A claim was filed for compensation which was controverted. The referee held that Mounts was entitled to benefits, awarding him reasonable medical bills and total disability benefits in the amount of $49.00 per week, commencing as of May 3, 1971. On appeal to the full commission, this award was reversed, the commission finding that Mounts had failed to prove by a preponderance of the evidence that he sustained an accidental injury arising out of, and in the course of his employment. On appeal to the Pope County Circuit Court, this finding was affirmed and from the judgment so entered by the court, appellant brings this appeal. For reversal, it is simply urged that "The court erred in sustaining the finding of the full commission in that there was substantial and competent evidence to show that claimant's injury arose out of, was aggravated by and directly associated with his employment."

As we have said in numerous opinions, the law being so established as to require no citation of authority, we are here, on appeal, only concerned with whether there was substantial evidence to support the finding of the commission, and it is not within our province to determine the preponderance of

the evidence. Appellant largely relies upon the testimony of Dr. Fletcher who testified by deposition relative to the treatment received by Mounts. The doctor stated that there was not particular instance, or episode, of back injury related to him by Mounts as occurring on the job and Fletcher testified that *any* bending would aggravate the prior back problem from which Mounts had suffered. Dr. Fletcher did not have any of the medical reports concerning prior back operations and only relied upon the history related to him by Mounts.

Claimant testified that he had received back treatments on the job but this testimony was disputed by the company nurse, Marcella Joseph. Mrs. Joseph testified that she was employed by Bechtel as an industrial nurse, having been so employed for three years, and had spent all of this time at the Nuclear 1 Site near Russellville (where Mounts had worked). She said that she had given him medical aid on a number of occasions, and that she had a record of all treatments, keeping a daily log concerning each man on the job; that there was a card listing all injuries and treatments given each individual. Mrs. Joseph said that Mr. Mounts' date of first injury was on November 25, 1969, and last injury on January 4, 1971; that these injuries were abrasions and some were classed as industrial and some non-industrial. The log reflected which type of injury had occurred and she said that Mounts had received industrial and non-industrial aid. According to the witness, he only mentioned a back ailment one time. She asked if he was having pain, "And, he said, yes that he'd hurt his back and I offered to give him a heat treatment on his back and he said he didn't believe that it would help and then he said something like, 'Marcy, it didn't happen out here so I'm not going to have it treated out here.'" She said that she did give him heat treatment on December 30, 1970 for pain in his hip and there was a notation "non-industrial". She also stated that he had told her of his past back surgery.

It is strongly argued that the evidence reflects that the condition of Mounts was aggravated by his employment. The commission recognized that aggravation of a pre-existing condition is compensable; however, it correctly pointed out that a pre-existing condition resulting in disability is compensable *only* if caused by an accidental injury that arises out of and in the course of the employment, and it was the position

of that tribunal that Mounts did not establish that his disability was work connected, the commission specifically pointing out that he did not report to his supervisor that he was having back trouble with the job; that the nurse denied that she had given him any back treatments; that he had left on Friday intending to return to work on Monday, and that the substance of Dr. Fletcher's testimony was that any bending (wherever taking place) would aggravate claimant's condition.

We are unable to say that there was no substantial evidence to support the finding of the commission.

Affirmed.