■ In the Matter of JOHN COLLIER, Respondent, v. COUNTY OF NASSAU, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the self-insured employer from a decision of the Workmen's Compensation Board, filed March 28, 1974. On November 28, 1972 claimant, a sergeant in the Nassau County Police Department, was injured in an automobile accident while traveling home after completing his tour of duty at 5:00 P.M. The accident happened at 5:10 P.M. as claimant was a passenger with two other policemen in a vehicle owned by the employer. The vehicle was assigned to a unit and claimant had used it for six months to go to and from his home. Claimant and three other policemen had use of the car for their convenience to drive to their homes and back again. On occasions, claimant would be assigned to work in the field at which times he would drive directly from his home to the particular assignment area. Claimant and all members of the police department were subject to recall when off duty. Appellant contends that claimant's injury was incurred while he was off duty and that his injury did not arise out of or in the course of his employment. The board held that "the employer provided transportation for the claimant in the form of a car, to and from his place of work and the accident happened before the claimant arrived home." Where the use of the employer's vehicle has been used by the employee over a period of time with the employer's consent and for the employer's benefit, the operation of the vehicle was directly related to the employment, and any injury occurring during such operation does arise out of and in the course of his employment. (*Matter of Devito* v. *Imbriano*, 39 A D 2d 796, affd. 33 N Y 2d 757.) In addition, since claimant was on call 24 hours a day and had the vehicle available for use in case of recall, he was under the control of his employer, and the use of the vehicle would be for the benefit of the employer. (*Matter of Juna* v. *New York State Police*, 40 A D 2d 742.) Decision affirmed, with costs to the Workmen's Compensation Board. Staley, Jr., J. P., Cooke, Sweeney, Main and Reynolds, JJ., concur.