Albert WILLIAMS and Elvis JOHNSON *v.*
NATIONAL YOUTH CORPS IN SCHOOL
PROGRAMS and HARTFORD INSURANCE
COMPANY

CA 80-38                                    600 S.W. 2d 27
Court of Appeals of Arkansas
Opinion delivered May 21, 1980
Released for publication June 11, 1980

*Brockman & Brockman*, by: *C. Mac Norton*, for appellants.

*Bridges, Young, Matthews, Holmes & Drake*, for appellees.

JAMES H. PILKINTON, Judge. This is a workers' compensation case. On December 12, 1973, Albert Williams and Elvis Johnson were injured in a motor vehicle accident. At the time of the occurrence, both Williams and Johnson were students attending White Hall Senior High School and were participating in a work-study program which was funded by the *National Youth Corps in School Programs*, commonly known as "NYC." NYC is a federally funded project which attempts to assist economically deprived youths in securing employment. In order to carry out the NYC program, a local governmental unit, in this case the White Hall School District

of Jefferson County, was selected to supervise and administer a work-study program within the school system. Under the program the local school district selects the young people who are to be enrolled, and the participants work a maximum of ten hours per week while attending school. Albert Williams and Elvis Johnson were among those selected by the White Hall School District to participate in the program. NYC provided a counselor and the payroll funds. The White Hall School District provided the supervisor and the work.

Williams and Johnson both had been a part of the NYC program for several years. The participants in the program were required to work a total of ten hours a week but the time that this work was specifically done was left up to the school district. Williams and Johnson worked two hours a day, usually after school, for five days a week, at minimum wage. They lived from five to six miles from the White Hall School and rode the school bus to school each day. They would clean up classrooms, carry out trash, and perform similar tasks under the NYC program. As the school bus ran before the work duty was usually performed, Williams and Johnson would ride home from school in a truck owned and operated by the White Hall School District. This truck was operated by a Mr. Bates, a full-time employee of the school, who was allowed to drive the truck home each day. Williams and Johnson lived near the Bates home at Redfield and rode home on this particular truck. The gasoline for the truck was furnished by the school district, and the superintendent of schools was aware of the fact that these two students and other parties in the NYC program rode home in the truck each evening.

Standing alone, the mere fact that the accident occurred while appellants were riding in a vehicle owned by the White Hall School District would not be sufficient to support a finding of compensability. Appellees correctly point out that before a finding of compensability can be properly made, it must be determined by the commission that the injury of the appellants occurred in the "course of employment." In dealing with this question, the courts have developed a distinct body of law pertaining to "going to and from work." See 1 Larson, *Workmen's Compensation Law*, § 15 (1978). The general rule is that injuries which occurred while an employee is go-

ing to or from work are not compensable. The reason for that particular rule is that all persons, including employees, are subject to the recognized hazards of travel to and from work in a vehicle, generally referred to as the "street risk doctrine." There are many exceptions, however, to the "going and coming" rule. See Comment, Workmen's Compensation: The "Going and Coming Rule" ·and Its Exceptions in Arkansas, 21 Ark. L. Rev. 414 (1967). *Hunter* v. *Summerville*, 205 Ark. 463, 169 S.W. 2d 579 (1943).

After a hearing, the Administrative Law Judge dismissed the claims for workers' compensation benefits filed by the appellants due to the application of the "going and coming" rule. On appeal, the Arkansas Workers' Compensation Commission found that NYC and the school district were engaged in a joint undertaking, and that both claims were compensable as a result of an exception to the "going and coming" rule. On appeal to the circuit court that court reversed the findings and award made by the full commission and dismissed both claims. The circuit court held that the appellants did not come within any exception to the "going and coming" rule. The case now comes before us on appeal from the opinion of the Circuit Court of Jefferson County.

It was the duty of the commission to draw every legitimate inference possible in favor of the claimants and to give them the benefit of the doubt in making factual determinations. *Brower Manufacturing Co.* v. *Willis*, 252 Ark. 755, 480 S.W. 2d 950 (1972). Further, the commission in considering a claim is required to follow a liberal approach and, as stated above, draw all reasonable inferences favorable to claimant. *Holland* v. *Malvern Sand and Gravel Co.*, 237 Ark. 635, 374 S.W. 2d 822 (1964). The same rules apply in determining whether the accident did, in fact, grow out of and occur within the course of the employment. *Cox Brothers Lumber Co.* v. *Jones*, 220 Ark. 431, 248 S.W. 2d 91 (1952), *Brooks* v. *Wage*, 242 Ark. 486, 414 S.W. 2d 100 (1967). See also *Tinsman Manufacturing Company, Inc.* v. *Sparks*, 211 Ark. 554, 201 S.W. 2d 573 (1947).

On appeal a court's inquiry is limited to determining whether the decision of the Arkansas Workers' Compensa-

tion Commission is supported by substantial evidence, and in so determining, courts are required to view the evidence in the light most favorable to the decision of the commission. *St. Michael Hospital* v. *Wright*, 250 Ark. 539, 465 S.W. 2d 904 (1971). Doubtful cases are resolved in favor of claimant. *Cooper Industrial Products, Inc.* v. *Worth*, 256 Ark. 394, 508 S.W. 2d 59 (1974). Thus, in disposing of this appeal, this court is only concerned with whether there is substantial evidence in the record to support the findings and award of the commission. It is not within this court's province to determine the preponderance of the evidence. *Mounts* v. *Bechtel Corp.*, 256 Ark. 318, 507 S.W. 2d 99 (1974). *Purdy* v. *Livingston*, 262 Ark. 575, 559 S.W. 2d 24 (1977).

Where joint employment occurs both employers are liable for workers' compensation. *Dillaha Fruit Co.* v. *LaTourrette*, 262 Ark. 434, 557 S.W. 2d 397 (1977). See also 1C Larson, *Workmen's Compensation Law*, § 48.40 (1980). There is evidence in this record to support the finding of the commission that Mr. Charles E. Moore, the NYC representative, and Mr. Julius Brown, superintendent of the White Hall School District, entered into a joint contractual undertaking between the White Hall School District and the National Youth Corps to employ the claimants. There is no question that coverage for workers' compensation was required by the federal statute, 29 U.S.C.A. § 983(6), as was brought out by the testimony of Mr. Moore. The commission found that the burden of compliance with the federal requirement of supplying workers' compensation rested with the appellee NYC In school Program, and that both parties understood that such coverage was, in fact, provided by Hartford Insurance Company, the appellee carrier herein. We cannot say that such finding it not supported by substantial evidence.

Both Mr. Brown and Mr. Moore stated that the project was a joint venture as the work afforded benefits to the White Hall School District as Johnson and Williams were used in cleaning classrooms and in doing various chores incidental to keeping the grounds and buildings tidy, which was a direct benefit to the school district. There is evidence in the record to show that this project was undertaken by both parties, and

that a mutual relationship was established by agreement. The superintendent of schools testified that he knew the appellants were riding in the White Hall's vehicle operated by Mr. Bates, as they lived in the same geographical area where Mr. Bates resided. Mr. Fred Harper, who was the immediate foreman over the appellants and whose responsibility it was to see that they performed the work, also testified that when Johnson and Williams worked after school, and the school bus had departed, then it was necessary for the appellants to ride home with Mr. Bates. The evidence shows that Mr. Bates had the right to take the school district truck home with him, and that he used the truck to take care of other business on behalf of the school district between White Hall and Redfield, Arkansas, where Mr. Bates lived. The testimony reveals that Mr. Bates, on the date the collision occurred, had stopped at Plainview, which is two or three miles south of where the collision occurred, and had picked up other students who were working in the National Youth Program at Plainview Elementary School. It was his job to supervise and see that the Plainview School buildings were cleaned as well as the White Hall school buildings. The record also establishes that the only work Johnson and Williams had done on Decmeber 12, 1973, the date of the accident, was after school; and Mr. Bates left early on the date of the collision. Both Mr. Brown and Mr. Harper testified that Mr. Bates was on White Hall School time and payroll until he reached his home at Redfield. It is not questioned that the appellants, while returning to their homes on December 12, 1973, sustained severe injuries. Appellant Williams had to undergo surgery and amputation of a portion of his left leg, and appellant Johnson sustained various facial injuries. Mr. Bates, who was driving the White Hall School truck at the time of the accident, was killed in the collision. Appellant Johnson testified that he had made specific arrangements with Mr. Bates to ride so he would have a way home as he had no other means of transportation and could not work in the NYC program unless he could ride home with Mr. Bates in the White Hall School truck. Appellant Williams testified he thought it was understood for all NYC students employed by White Hall School District at the time of the collision to ride home in the school district truck, which he did continuously. There is no question in this

case that all of the students, who worked in the appellee NYC program and who were employed by the White Hall School District, made the return trip to their homes in the school's truck; and that on December 12, 1973, they were the only students at White Hall participating in the NYC program. Appellant Williams stated it was customary for him to ride home with Mr. Bates every day he worked, and that this had been going on during the two-year period he was so employed. He further testified that Mr. Brown, Mr. Bates and Mr. Harper all knew definitely that he was using the truck to ride home, and it was a customary means of transportation.

As pointed out in *Hunter* v. *Summerville*, 205 Ark. 463, at 473, 169 S.W. 2d 579 (1943), a decision in any case of this type must depend upon the particular state of facts proved. The evidence in the case before us established that transportation home was necessary before the appellants could participate in the NYC program at the White Hall School; and that there was an implied undertaking by the school district to furnish this transportation, as well as a tacit acquiescence on the part of the school district in the custom of these NYC work-student participants riding home each evening in the school truck. Although a close issue of fact was presented to the Arkansas Workers' Compensation Commission, we conclude that there was substantial evidence to sustain the findings and award made by the commission in favor of appellants. *Hunter* v. *Summerville, supra*. It follows therefore that the circuit court erred in not upholding the decision of the commission which had the duty to determine the facts. the judgment is, therefore, reversed and this case remanded with directions to reinstate and affirm the findings and order of the commission.