# CITY OF SHERWOOD et al *v.* Patricia LOWE et al

CA 81-300                                     628 S.W. 2d 610

Court of Appeals of Arkansas
Opinion delivered March 3, 1982

*Jerry G. James,* Public Employees Claims Div., Ark. Insurance Dept., for appellants.

*Gary Eubanks & Associates,* by: *Gary L. Eubanks* and *Hugh F. Spinks,* for appellees.

JAMES R. COOPER, Judge. This is a workers' compensation case. Officer Walter D. Lowe, Sr., who was employed by the Sherwood, Arkansas Police Department, was killed in an automobile accident on Wednesday, November 13, 1979. At the time of his death, Officer Lowe was in uniform and riding his personal motorcycle which was equipped with police blue lights. The accident occurred within the Sherwood city limits, in front of Couch's Exxon Station. Officer Lowe was employed at the station during his off-duty hours.

The street on which the accident occurred was on a direct route from Officer Lowe's home to the Sherwood police station. The accident occurred at 9:50 P.M., and on that night, Officer Lowe was to have begun his shift at 11:00 P.M. On the previous Monday night, he had clocked in at the station at approximately 10:00 P.M.

The parties stipulated as to the relationship of employer/employee and the rate of compensation. It was further stipulated that Officer Lowe left surviving him a widow and four minor children who were actually and wholly dependent upon him.

At the hearing before the administrative law judge, it was alleged that Officer Lowe was on a special mission and that therefore he was on duty, thus entitling his dependents to benefits under the Act. The administrative law judge specifically found that Officer Lowe was not on duty at the time of his death, and that he was en route from his home to work, but that the claim for benefits was not barred by the

"going and coming" rule. The full Commission adopted the opinion of the administrative law judge and awarded benefits. We affirm.

It was the duty of the Commission to follow a liberal approach and to draw all reasonable inferences favorable to the claimant. *Williams* v. *National Youth Corps,* 269 Ark. 649, 600 S.W. 2d 27 (Ark. App. 1980). On appeal, we must review the evidence in the light most favorable to the Commission's decision and uphold that decision if it is supported by substantial evidence. Before we may reverse a decision of the Commission, we must be convinced that fair-minded persons, with the same facts before them, could not have reached the conclusion arrived at by the Commission. *Office of Emergency Services* v. *Home Ins. Co.,* 2 Ark. App. 185, 618 S.W. 2d 573 (1981); *Bunny Bread* v. *Shipman,* 267 Ark. 926, 591 S.W. 2d 692 (Ark. App. 1980).

The sole issue in this case is whether the injury which caused the employee's death arose out of and in the course of his employment. Ark. Stat. Ann. § 81-1302 (d) (Repl. 1976).

Arkansas recognizes the general rule that injuries which occur while an employee is going to or from work are not compensable. The reason for the general rule is that all persons, including employees, are subject to the recognized hazards of travel to and from work in a vehicle. *Williams, supra; Brooks* v. *Wage,* 242 Ark. 486, 414 S.W. 2d 100 (1967).

In order for the injury to be compensable, the employee must fall within one of the exceptions to the "going and coming" rule. *Williams, supra; Brooks, supra.* There are numerous exceptions to the "going and coming" rule: (1) where an employee is injured while in close proximity to the employer's premises; (2) where the employer furnishes the transportation to or from work; (3) where the employee is a traveling salesman; (4) where the employee is injured on a special mission or errand; and (5) when the employer compensates the employee for his time from the moment he

leaves home until he returns home.[1]

The issue of the application of the "going and coming" rule to police officers, while raised for the first time in this state, has been decided in other states. The opinions from the various courts are not in agreement.

Florida, New Jersey, Tennessee, and California recognize an exception to the general "going and coming" rule for police officers. Florida[2] allows compensation to a police officer who is injured while going to or coming from work. The police officer need not be in uniform. The only limitation is that the officer must be injured within his jurisdiction. New Jersey[3] and Tennessee[4] allow compensation if the police officer is in uniform while going to or coming from work. California[5] allows compensation if the police officer is wearing his uniform as a matter of necessity and not simply as a matter of choice. Thus, the officer is covered by workers' compensation if the employer has requested or required the officer to wear his uniform on the way to or from work. The officer is also covered if the employer does not provide the officer a place to change from street clothes into his uniform at the police station.

The reason for the above exception is that the police officer is on duty twenty-four hours a day and may at any moment be called into service, either by his superiors or by what he observes. The reason is strengthened when the police officer is in uniform. Regardless of whether he is

---

[1]*See* Ross, *Workmen's Compensation: The "Going and Coming Rule" and Its Exceptions in Arkansas*, 21 Ark. L. Rev. 414 (1967).

[2]*Warg* v. *City of Miami Springs*, 249 So. 2d 3 (Fla. 1971); *Sweat* v. *Allen*, 145 Fla. 733, 200 So. 348 (1941); *City of Coral Gables* v. *Williams*, 389 So. 2d 1212 (Fla. App. 1980); *City of Miami Beach* v. *Valeriani*, 137 So. 2d 226 (Fla. 1962).

[3]*Jasaitis* v. *City of Paterson*, 31 N.J. 81, 155 A. 2d 260 (1959).

[4]*Mayor & Aldermen* v. *Ward*, 173 Tenn. 91, 114 S.W. 2d 804 (1938).

[5]*State Compensation Ins. Fund* v. *Workmen's Compensation App. Bd.*, 29 Cal. App. 3d 902, 106 Cal. Rptr. 39 (1973); *Guest* v. *Workmen's Compensation App. Bd.*, 2 Cal. 2d 670, 470 P. 2d 1, 87 Cal. Rptr. 193 (1970); *Garzoli* v. *Workmen's Compensation App. Bd.*, 2 Cal. 3d 502, 467 P. 2d 833, 86 Cal. Rptr. 1 (1970).

required to wear his uniform or permitted to do so, the employer derives a benefit. A police officer in uniform has the same significance to the public whether the officer is technically on or off duty. The benefit derived by the employer is that the officer deters crime by his uniformed presence, he acts as a haven for those in need of protection, and he symbolizes a safe community. The benefit the employer receives is distinguishable only in degree from the service received when the officer is on duty.

Colorado[6], Connecticut[7], Maryland[8], Nebraska[9], New York[10], Ohio[11], and Oregon[12], do not recognize an exception to the general "going and coming" rule for police officers. These states require that the police officer actually be engaged in the performance of law enforcement activities when he is injured. The officer must be performing a police duty, *i.e.,* responding to a direct order from his superiors, responding to a call from a private person, or handling an emergency.

The reason for this rule is that the police officer who is going to or coming from work, and who has not been called into active service, encounters the same hazards and risks of the streets as are encountered by the public in general. Thus, his risk is not employment-related.

Even though New York does not recognize an exception to the general "going and coming" rule for police officers, under certain circumstances the officer will be covered by

---

[6]*Rogers* v. *Industrial Commission*, 574 P. 2d 116 (Colo. App. 1978).

[7]*McKiernan* v. *City of New Haven*, 151 Conn. 496, 199 A. 2d 695 (1964).

[8]*Mayor & City Council of Baltimore* v. *Jakelski*, 45 Md. App. 7, 410 A. 2d 1116 (1980); *Police Commissioner of Baltimore City* v. *King*, 219 Md. 127, 148 A. 2d 562 (1959).

[9]*Baughman* v. *City of Omaha*, 142 Neb. 663, 7 N.W. 2d 365 (1943).

[10]*Blackley* v. *City of Niagara Falls*, 284 A. D. 51, 130 N.Y.S. 2d 77 (1954).

[11]*Simerlink* v. *Young*, 172 Ohio St. 427, 178 N.E. 2d 168 (1961).

[12]*Walker* v. *State Accident Ins. Fund*, 28 Or. App. 127, 558 P. 2d 1270 (1977).

workers' compensation. In *Juna* v. *New York State Police,* 40 A.D. 2d 742, 336 N.Y.S. 2d 738 (1972), a state trooper, who was killed in an automobile accident as he was returning to the barracks from his home, was held to be covered by workers' compensation. The accident occurred within the geographic area of his troop and approximately one and one-half hours before he was to start duty. The officer was subject to call twenty-four hours a day, was prohibited from any kind of outside employment or activity for two hours preceding his assigned tour of duty, and was required to assure his availability at his assigned station with a minimum of delay consistent with safety. The court said that:

> At the time of the accident he was performing his duty, in the sense that he was in the process of placing himself in the position of being available at his assigned station with minimum delay in the event of need, as required by the regulations. (336 N.Y.S. 2d at p. 739).

In *Collier* v. *County of Nassau,* 46 A.D. 2d 970, 362 N.Y.S. 2d 52 (1974), the police officer was covered by workers' compensation when he had an automobile accident on his way home from work. The distinguishing factor in this case was that the officer was driving a police department car to and from work.

Other states have considered the same issue, but they fall somewhere between the above two positions. Georgia[13] held that a police officer was covered by workers' compenstion in the following factual circumstances. The police officer was in uniform, had his service revolver, and was en route from his home driving his private automobile to his place of employment. The officer was killed outside the city limits. The officer was shot twice with a shotgun and four times with a pistol in a planned ambush-type murder. The officer had been participating in the prosecution of a criminal case and had appeared before a Grand Jury. The officer was the

---

[13]*Barge* v. *City of College Park,* 148 Ga. App. 480, 251 S.E. 2d 580 (1978).

sole witness upon whose testimony a conviction of the defendant could be sustained. On two occasions, bribe attempts had been made which he reported to his superiors. Trial was to have been approximately November 27, and he was killed November 7. The court held that under the circumstances of his death, being on call twenty-four hours a day, in uniform, armed, and on his way to work the officer was killed in the line of duty. The decision was a five to four decision.

Louisiana[14] has held that an off-duty police officer is covered by workers' compensation when the officer is on his way home from work and is injured when he stops to render assistance at the scene of an automobile accident.

Maine[15] allowed death benefits to the widow of a Portland police officer. The officer was killed in an automobile accident just outside the city limits of Portland, while driving his private automobile. The officer was in uniform and was on a route that he usually took when going to or coming from work. The court held that a rebuttable presumption that the employee received an injury that arose out of and in the course of his employment was applicable under these circumstances.[16] The court decided that the evidence presented by the city to rebut the presumption, created a question of fact for the Industrial Accident Commission and that the Commission's finding of fact would not be disturbed on appeal.

Michigan's[17] law is unclear on the issue. In the only case

---

[14]*Krasnoff* v. *New Orleans Police Dept.*, 241 So. 2d 11 (La. App. 1970).

[15]*Toomey* v. *City of Portland*, 391 A. 2d 325 (Me. 1978).

[16]39 M.R.S.A. § 64-A provides:

In any claim for compensation, where the employee has been killed, or is physically or mentally unable to testify, there shall be a rebuttable presumption that the employee received a personal injury by accident arising out of and in the course of his employment, that sufficient notice of the injury has been given, and that the injury or death was not occasioned by the willful intention of the employee to injure or kill himself or another.

[17]*Chambo* v. *City of Detroit, Police Dept.*, 83 Mich. App. 623, 269 N.W. 2d 243 (1978).

that has been decided in Michigan, the police officer was injured in an automobile accident outside the city limits. The court noted that even under the rule followed by Florida, the officer could not recover since his accident occurred outside the city limits. The court, in *dicta*, indicated that it will probably follow the states that do not recognize an exception to the general "going and coming" rule for police officers.

On the facts of this case, we believe that the Commission correctly found that Officer Lowe's death was compensable under the Act and that the claim was not barred by the "going and coming" rule. A decision in any case of this type must depend upon the particular state of the facts proved. *Hunter* v. *Summerville,* 205 Ark. 463, 169 S.W. 2d 579 (1943). To all outward appearances, Officer Lowe was on duty. He was armed, in uniform, and was operating a vehicle equipped with police blue lights within his jurisdiction. The City of Sherwood derived a benefit from his presence on the city streets in uniform and operating the police equipped vehicle. This benefit was not so tenuous as to require denial of coverage by workers' compensation. Therefore, we affirm the decision of the Workers' Compensation Commission.

Affirmed.

CRACRAFT, J., concurs.