In the Matter of the Claim of SALOMON DE JESUS, Respondent, v NEW YORK STATE POLICE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, October 6, 1983

APPEARANCES OF COUNSEL

*Raymond C. Green* (*Patricia McMahon* of counsel), for appellants.

*Robert Abrams, Attorney-General* (*Michele M. Woodard* and *Carlin Meyer* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

On November 27, 1979, claimant, a New York State trooper assigned to the police substation in Geneseo, New York, completed his tour of duty and returned to the barracks at approximately 11:00 P.M. After he checked over his patrol car, signed in on the blotter and recorded his activities during his work shift, he left the substation and proceeded homeward in his private automobile. About 15 minutes later while driving on a direct route to his home in Buffalo, he was involved in an accident wherein he sustained personal injuries.

Claimant filed for workers' compensation benefits. After a hearing the referee, in a notice of decision dated August 18, 1981, disallowed the claim, stating that claimant "was not within the conditions of the duty territory". The board reversed, holding that "[t]he accident arose out of and in

the course of employment". We reverse on this appeal by the employer and its carrier.

Initially, we reject the board's contention that State troopers on 24-hour duty are uniformly held to be "outside workers" entitled to the protection of the statute from portal to portal (see *Matter of Devito v Imbriano*, 33 NY2d 757). As we stated in *Matter of Juna v New York State Police* (40 AD2d 742), circumstances rather than fiat determine if a State trooper subject to 24-hour recall is an "outside worker" entitled to automatic protection on the way to and from work. In *Juna (supra)*, as in *Matter of Collier v County of Nassau* (46 AD2d 970), we found the circumstance of control by the employer to be controlling in determining if a State trooper was entitled to the protection of the statute. In *Juna,* we found that the trooper was performing his duty in the sense that he was in the process of placing himself in the position of being available at his assignment station with minimum delay in the event of need, as required by the regulations, when he was injured in an accident that occurred within the geographical area in which he normally worked. In *Collier (supra)*, a police sergeant in the Nassau County Police Department was injured in an automobile accident while traveling home from work while he was a passenger with two other policemen in a vehicle owned by the employer. There, we held that where the employer's vehicle had been used by the employee over a period of time with the employer's consent and for the employer's benefit, the operation of the vehicle was directly related to the employment and that any injury occurring during such operation arises out of and in the course of employment.

Here, claimant had completed his tour of duty, changed from his uniform to civilian dress, checked out of the police barracks and had operated his private automobile outside the geographical area of his assigned employment before the happening of the accident. To hold that the accident was directly related to claimant's employment as a State trooper because he was subject to 24-hour recall would require a statement by this court that State Police, as distinguished from all other State employees, are entitled to automatic statutory protection whenever and however

injured. We are not prepared to make that statement. There must be a nexus between the accident and the employment to invoke the benefits of the Workers' Compensation Law.

The decision should be reversed, with costs to the employer and its insurance carrier against the Workers' Compensation Board, and the matter remitted to the board for further proceedings not inconsistent herewith.

SWEENEY, KANE, CASEY and WEISS, JJ., concur.

Decision reversed, with costs to the employer and its insurance carrier against the Workers' Compensation Board, and matter remitted to the board for further proceedings not inconsistent herewith.