PULASKI COUNTY, et al. *v.* William R. BOYER

CA 86-178                                                720 S.W.2d 929

Court of Appeals of Arkansas
En Banc
Opinion delivered December 23, 1986

*Jerry G. James*, for appellant.

*Hilburn, Bethune, Calhoon, Harper & Pruniski, Ltd.*, by: *Dorcy Kyle Corbin* and *Robert L. Roddey*, for appellee.

TOM GLAZE, Judge. Appellee, a deputy sheriff and radio dispatcher for the Pulaski County Sheriff's Office, was injured en route from his home to work. In his claim for workers' compensation benefits, appellee contended he had sustained an accidental injury arising out of and in the course of his employment. Appellant countered, arguing appellee's claim for benefits was barred by the "going and coming" rule. In awarding benefits to appellee, the Commission determined the "going and coming" rule did not apply because appellee's employer considered the

appellee on duty at the time of his accident. We affirm.

Arkansas recognizes the general rule that injuries which occur while an employee is going to or from work are not compensable. *City of Sherwood* v. *Lowe*, 4 Ark. App. 161, 628 S.W.2d 610 (1982). In this cause, the sole issue is whether substantial evidence exists to support the Commission's decision that appellee's claim is not barred by the "going and coming" rule. We have no problem in concluding there is such evidence.

Appellant argues appellee's claim is not compensable because, at the time of his accident, appellee, when going to work, was riding his own personal motorcycle, wearing civilian clothes and not enforcing any laws. Appellant suggests the only evidence that could support compensability is the testimony of appellant's commander, Major Zoeller — who said appellee was on duty commencing at the time he left his residence. Appellant discounts Zoeller's testimony because appellee worked only an eight-hour shift, was paid for eight hours and was not furthering the sheriff department's interests when he was injured.

While Zoeller indicated appellee and other deputies were paid a salary for an eight-hour shift, he also stated that appellee was "considered . . . on duty from the time he leaves home until the time he gets back home after the end of his shift. And if it took him thirty minutes to get to work and thirty minutes to get home, he'd be on duty nine hours a day. . . ." Zoeller also expressed that the sheriff's department, because of the Fair Labor Standard Act, was going to have to start paying for nine hours instead of eight.

In *Hawthorne* v. *Davis*, 267 Ark. 816, 596 S.W.2d 329 (Ark. App. 1979), *aff'd*, 268 Ark. 131, 594 S.W.2d 844 (1980), our Court, quoting from 100 C.J.S. *Workmen's Compensation* § 535 (1958) at page 536, said:

> In a compensation proceeding evidence is admissible as to statements made by an employer or his representative where the statement constitutes a declaration or admission against the employer's interest; and *an admission by an employer that workmen were injured in an accident arising out of and in the course of their employment may be admissible in evidence although the claim for compen-*

*sation is being contested by the employer's insurance carrier.* [Emphasis supplied.]

Appellant claims Major Zoeller's admission that appellee was on duty when he was injured is a mere "naked assertion." We cannot agree. Zoeller related that the departmental policy, that a deputy is considered on duty from the time he leaves home, came into effect as a result of the take-home-car program, and has as its rationale the idea that the officer's presence is "more noticeable on the street."[1] As already mentioned, that "going-to-work time" is a period for which Zoeller says the department is required to pay a salary. Also, Zoeller stated appellee is required by departmental policy to take action at any time when he witnesses an offense occurring in his presence. We mention these policy and salary factors only to show that, rather than a naked assertion by Zoeller, there appear to be valid reasons why the sheriff's department expects its deputies to be on duty when going to and from work. Based upon the facts and testimony before us, we believe there was substantial evidence from which the Commission could, and did, conclude that appellee was on duty and within the scope of his employment when he sustained his injury.

Affirmed.

COOPER and MAYFIELD, JJ., dissent; CORBIN, J., not participating; WRIGHT, Special Judge, agrees.

JAMES R. COOPER, Judge, dissenting. I dissent because I disagree that this case should be disposed of on the basis that it presents a simple question of whether there exists substantial evidence to support the Commission's decision. Instead, I am of the opinion that the issue for this Court to decide is whether, under the circumstances present in this case, the going and coming rule applies to bar the appellee's claim. Because I believe that this question must be answered in the affirmative, I respect-

---

[1] Consistent with that policy, Zoeller testified that deputies, including those in the radio room, are required to wear their uniforms. Zoeller said that when appellee was injured, deputies, who were in the radio room, were allowed to wear the cooler civilian clothes because the air conditioner in the office was malfunctioning. The sheriff department's expressed reasons for considering deputies on duty when going to and from work make insignificant the fact appellee was wearing civilian clothes at the time of his accident.

fully dissent.

The majority has affirmed the Commission's decision in favor of coverage, finding it to be supported by substantial evidence. That evidence consists of the appellee's immediate supervisor's (Major Zoeller) statement that deputies are "considered" to be on duty while travelling to and from work. This rationale comes close to equating "on duty" status with being "in the course of one's employment," and thus omits an essential step in the analysis. The basic premise of the going and coming rule is that employees having fixed hours and places of work are generally not considered to be in the course of their employment while travelling to and from work. *See* 1 A. Larson, *Workmen's Compensation Law* § 15.00 *et seq.* (1985).

The essential inquiry, then, is not whether Officer Boyer was on duty when the accident occurred, but rather whether the accident occurred in the course of his employment as a police radio dispatcher. Our cases define "course of employment" as relating to the time, place and circumstances under which the injury occurred. *Owens* v. *National Health Laboratories, Inc.*, 8 Ark. App. 92, 648 S.W.2d 829 (1983). Professor Larson's formulation of the test for course of employment requires that the injury occur within the time and space boundaries of the employment, *while the employee is carrying out the employer's purpose or advancing the employer's interests directly or indirectly.* A. Larson, *supra*, §§ 14.00, 20.00 (1985). The requirement that the employee's activity be of some benefit to the employer is what distinguishes "course of employment" from mere "on duty" status.

Benefit to the employer was recognized as an element in the analysis of going and coming cases in *City of Sherwood* v. *Lowe*, 4 Ark. App. 161, 628 S.W.2d 610 (1982). In *Lowe* we held that the going and coming rule did not bar a claim for benefits arising out of the death of a police officer killed in a traffic accident on his way to work. This holding was based upon our finding that Officer Lowe's employer, the City of Sherwood, derived a benefit from his presence on the city streets, in uniform and operating a motorcycle equipped with police blue lights. *Id.* at 168. Whereas Officer Lowe, so dressed and mounted, was indistinguishable from a policeman who had begun his patrol and thus had a deterrent

effect upon potential wrongdoers, no such benefit to the employer is present in the case at bar. Dressed in blue jeans, calf length boots and a flannel jacket, and riding a Suzuki 850 "lowrider" which was not equipped with blue lights, it can scarcely be said that Officer Boyer's presence on the roadway served to inhibit any criminal activity. The fact that Officer Boyer was considered to be on duty by his employer is simply not enough in the absence of evidence that he had begun his workshift, was being paid at the time that the accident occurred, or that the "take-home" car program could not be implemented without treating all deputies as being on duty while travelling to and from work, without regard to whether or not they were actually travelling in a police department vehicle. I submit that the majority has erred in affirming the Commission's decision in favor of coverage where no recognized exception to the going and coming rule is applicable, and where the evidence of benefit to the employer is so tenuous, if not entirely lacking.

I dissent.

I am authorized to state that MAYFIELD, J., joins in this dissent.