■ In the Matter of the Claim of VINCENT C. MALTESE, Respondent, v NEW YORK STATE CRIMINAL COURT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Harvey, J. Appeals (1) from a decision and an amended decision of the Workers' Compensation Board, filed April 6, 1989 and December 13, 1989, which ruled that claimant sustained an accidental injury in the course of his employment, and (2) from a decision of said Board, filed May 31, 1990, which denied the application by the workers' compensation insurance carrier for reopening and reconsideration.

On January 29, 1987 claimant, a court officer employed by the New York City Criminal Court, sustained an injury to his right ankle. The facts leading up to this event are as follows. On the day in question claimant was to take leave from work for jury duty. While claimant had not been selected as a juror at that point, he was still in the jury pool. Coincidentally, claimant's assigned work location at Queens Criminal Court is next to the building where he was to report for jury duty. Claimant testified that on that morning he went into his employer's office and entered "J.D." (for jury duty) in the log book. Claimant testified that he had to make such an entry so that the employer would not mistakenly charge the time missed against his sick leave reserves. After signing the log book, claimant left his workplace and went over to the jury room and checked in. Subsequently, claimant left the building to get a book from his car. As claimant began to walk back

toward the building to return to the jury room, he slipped on some ice and sustained the subject injury. Claimant received treatment at the hospital for his injury that day and he returned to work February 3, 1987.

Thereafter, the employer reported the injury to the Workers' Compensation Board. In August 1987 the employer controverted claimant's right to workers' compensation benefits. A preliminary hearing was held before a Workers' Compensation Law Judge in November 1987 after which the claim was disallowed. Claimant appealed to a Workers' Compensation Board and, ultimately, the decision was reversed based on the Board's conclusion that claimant had sustained an injury arising out of and in the course of his employment. An application to the Board to reconsider its amended decision was denied. The employer now appeals from all decisions issued by the Board.

We reverse. The Board's conclusion that claimant sustained a compensable injury within the scope of his employment is irrational and cannot be affirmed. It is well settled that "[t]o be compensable under the provisions of the Workers' Compensation Law an injury must arise out of the employment, that is, it must be a natural incident of the work, and it must arise in the course of employment" *(Matter of Koerner v Orangetown Police Dept.,* 68 NY2d 974, 974-975; *see,* Workers' Compensation Law § 2 [7]; § 10 [1]; § 21). The Court of Appeals has maintained that an injury can be said to arise out of employment only if it "flows as a natural consequence of the employee's duties" *(Matter of Lemon v New York City Tr. Auth.,* 72 NY2d 324, 326-327). Similarly, only when the employee is doing the work for which he or she was employed can an injury occur in the course of employment *(supra,* at 327). Significantly, " '[a] purely fortuitous coincidence of time and place is not enough. There must be' a causal relationship or nexus between the accident and the employment" *(supra,* quoting *Matter of Connelly v Samaritan Hosp.,* 259 NY 137, 139).

In finding a compensable injury in this case, the Board, in its amended decision and brief, relies a great deal on testimony from claimant to the effect that his employer mandated him to come into work and sign the log book, even if it was only to sign off on jury duty leave. According to the Board, this "compulsion" on the part of his employer sufficiently brought claimant back into the precincts of his employment for purposes of determining claimant's status at the time of the injury *(see, e.g., Matter of Kwitkowski v Wilson Mem.*

*Hosp.,* 277 App Div 802; *Matter of Ross v Sunrise Food Exch.,* 273 App Div 833). However, unlike the situation presented in *Matter of Kwitkowski v Wilson Mem. Hosp. (supra),* claimant herein did not injure himself on the way to, or even on the way back from, signing in for his employer. Instead, as demonstrated by claimant's own testimony and the specific factual findings in the Board's decision, claimant did not injure himself until he left his place of employment and after he had already checked in at the jury room. At this point claimant's obligation to his employer had ended and it can no longer be persuasively contended that claimant was under any compulsion from his employer.

It is undisputed from the record that claimant then went outside to look for a book and injured himself as he attempted to reenter the building *to return to the jury room.** There is no evidence in the record that the book he was attempting to retrieve from his car was work related or that claimant had any further obligations to perform for his employer. The mere fact that claimant was coincidentally attempting to return to jury duty through the same entrance he normally took to attend to his duties as a court officer is simply not enough to convince us that he was acting in the course of his employment as a court officer, rather than as a potential juror, at the time of his accident. Absent a nexus between his injury and his job as a court officer *(see, Matter of Mintiks v Metropolitan Opera Assn.,* 153 AD2d 133, 137, *appeal dismissed* 75 NY2d 1005), the Board's decision lacks a rational basis and the claim must be dismissed.

Due to our resolution of the foregoing issue, it is unnecessary to discuss the remaining arguments of the parties.

Mahoney, P. J., Weiss, Yesawich Jr. and Crew III, JJ., concur. Ordered that the decision and amended decision filed April 6, 1989 and December 13, 1989 are reversed, without costs, and claim dismissed. Ordered that the appeal from decision filed May 31, 1990 is dismissed, as academic, without costs.

---

* Notably, in the Board's brief it is inexplicably contended that claimant *might* have been reentering the building in order to return to his *workplace* to look for the book. These suppositions are nothing more than sheer speculation, however, and are contradicted both by claimant's testimony and the Board's specific factual findings.