■ In the Matter of the Claim of GUY STEAD, Appellant, v ROCKLAND COUNTY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [599 NYS2d 710] —Appeals from two decisions of the Workers' Compensation Board, filed May 28, 1991 and November 18, 1991, which ruled that claimant did not sustain an accidental injury in the course of his employment and denied workers' compensation benefits.

Claimant, a lieutenant for the Town of Ramapo Police Department in Rockland County, was involved in a motor vehicle accident at 7:30 A.M. on his way to work on February 19, 1988. Claimant was scheduled to work from 8:00 A.M. to 4:00 P.M. Claimant's regular assignment was to work inside the police station although under certain specific circumstances he might have to work outside. At the time of the accident, claimant was driving his own car. The Workers' Compensation Board denied claimant workers' compensation benefits finding that the accident did not occur in the course of his employment.

Although claimant contends that a determinative factor here is that he was within the geographic area where he worked as a police officer at the time the accident occurred *(compare, Matter of De Jesus v New York State Police,* 95 AD2d 454, *with Matter of Juna v New York State Police,* 40 AD2d 742), all of the evidence must be considered as it is not enough to have " '[a] purely fortuitous coincidence of time and place' " *(Matter of Lemon v New York City Tr. Auth.,* 72 NY2d 324, 327, quoting *Matter of Connelly v Samaritan Hosp.,* 259 NY 137, 139). Generally, accidents which occur during one's commute to and from work are not deemed to have arisen in the course of employment because "the risks inherent in [said commute] relate to the employment only in the most marginal sense" *(Matter of Greene v City of New York*

*Dept. of Social Servs.,* 44 NY2d 322, 325; *see, Matter of Fine v S.M.C. Microsystems Corp.,* 75 NY2d 912, 914; *Matter of Lemon v New York City Tr. Auth., supra,* at 327). An injury is said to occur in the course of one's employment when it was received at a time "when the employee [was] doing the work for which he or she was employed" *(Matter of Maltese v New York State Criminal Ct.,* 176 AD2d 397, 398; *see, Matter of Lemon v New York City Tr. Auth., supra,* at 327; *Matter of Malacarne v City of Yonkers Parking Auth.,* 41 NY2d 189, 193) and some causal nexus existed between the employment and the injury *(see, Matter of Lemon v New York City Tr. Auth., supra,* at 327; *Matter of Mintiks v Metropolitan Opera Assn.,* 153 AD2d 133, 137, *appeal dismissed* 75 NY2d 1005).

Applying these standards to the facts presented, we find substantial evidence in the record to support the decisions of the Workers' Compensation Board that the accident did not occur in the course of claimant's employment *(cf., Matter of Callanan v Town of Clarkstown,* 191 AD2d 861). As such, the decisions denying claimant workers' compensation benefits must be upheld *(see, Matter of Junium v Bazzini Co.,* 86 AD2d 690).

Mikoll, J. P., Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the decisions are affirmed, without costs.