The CITY OF EL DORADO, Employer, and
MUNICIPAL LEAGUE WORKERS' COMPENSATION
TRUST, Self-Insurer *v.* Byron SARTOR

CA 86-484                                729 S.W.2d 430

Court of Appeals of Arkansas
Division I
Opinion delivered May 27, 1987

144

*Winston Bryant* and *J. Chris Bradley*, for appellant.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee.

JAMES R. COOPER, Judge. The appellee in this workers' compensation case, Byron Sartor, was employed as a patrolman by the City of El Dorado Police Department. On December 6, 1985, the appellee went off duty at 9:00 p.m. He and his wife then went to the Heritage Club, an El Dorado nightclub. While at the club, the appellee, who was not in uniform, drank two ten-ounce mugs of beer. As he was standing outside the club's entrance at approximately 12:00 p.m. on December 6, the appellee was struck, threatened, and cursed by Mark Davis, against whom the appellee had recently testified in El Dorado Municipal Court. One of Davis's friends pulled him away from the appellee. However, Davis continued to shout obscenities at the appellee from across the street, and the appellee asked the nightclub manager to call the police. The appellee then crossed the street and asked Davis to apologize to him. When Davis refused to do so, the appellee placed him under arrest. Davis resisted, and, in the resulting altercation, the appellee suffered a fractured and dislocated elbow.

The appellee filed a workers' compensation claim for benefits arising from his injuries. In an opinion dated May 5, 1986, the administrative law judge found that the appellee's injury had been an accidental one, arising out of and in the course of his employment as a police officer. The opinion of the administrative law judge was approved and adopted by the full Commission in an opinion dated September 16, 1986. From that decision, comes this appeal.

For reversal, the appellant contends that the Commission erred in finding that the appellee's injuries arose out of and in the course of his employment. We find no error, and we affirm.

The term "arising out of the employment" relates to the causal connection between the claimant's injury and his employment, while our cases define "course of employment" as relating to the time, place, and circumstances under which the injury occurred. *See American Red Cross* v. *Wilson*, 257 Ark. 647, 519 S.W.2d 60 (1975); *Owens* v. *National Health Laboratories, Inc.*, 8 Ark. App. 92, 648 S.W.2d 829 (1983). An injury arises out of one's employment when a causal connection between work conditions and the injury is apparent to the rational mind; moreover, the employment need not be the sole or proximate cause; all that is required is that "there be a substantially contributory causal connection between the injury and the business in which the employer employs the claimant." *American Red Cross* v. *Wilson*, 257 Ark. at 649. With respect to course of employment, the test advanced by Professor Larson requires that the injury occur within the time and space boundaries of the employment, while the employee is carrying out the employer's purpose, or advancing the employer's interests directly or indirectly. 1 A. Larson, *Workmen's Compensation Law* §§ 14.00, 20.00 (1985).

In attacking the Commission's finding that the appellee's injury arose out of and in the course of his employment, the appellant argues that, when the appellee was injured, he was acting as a private citizen and had not been called into duty; that the appellee's actions were of no benefit to the City of El Dorado; and that the legality of the appellee's arrest of Davis is not dispositive of the issue of whether the appellee's injuries occurred in the course of his employment. All of these arguments constitute challenges to the sufficiency of the evidence to sustain the finding of the Workers' Compensation Commission. In determining the sufficiency of the evidence to sustain the Commission's factual findings, we review the evidence in the light most favorable to those findings, and we must affirm if there is any substantial evidence to support them. *DeBoard* v. *Colson Co.*, 20 Ark. App. 166, 725 S.W.2d 857 (1987). We may reverse the Commission's findings only when we are convinced that fair-minded people, with the same facts before them, could not have arrived at the

conclusion reached by the Commission. *Snow* v. *Alcoa*, 15 Ark. App. 205, 691 S.W.2d 194 (1985).

In the case at bar, there was evidence that the appellee was not merely acting as a private citizen avenging a personal wrong. Indeed, the record reflects that the appellee showed restraint; rather than arresting Davis as soon as he was attacked, the appellee allowed Davis to be led away across the street. It was only when Davis continued to shout threats and profanities that the appellee determined to arrest him. Even then, the appellee told Davis that he would not arrest him if he would apologize. While the appellant sees this as evidence that the appellee's actions were of a purely personal nature, we think that the Commission was entitled to interpret the request for an apology as an attempt by the appellee to defuse a potentially dangerous situation by calming his assailant.

Moreover, El Dorado Police Regulations state that "[o]fficers off duty shall perform necessary police service in the City of El Dorado whenever they are aware of a serious criminal offense or a present threat to life." As we noted in *City of Sherwood* v. *Lowe*, 4 Ark. App. 161, 628 S.W.2d 610 (1982), it is the nature of police work that an officer might at any time be called into duty, either by his superiors or by what he observes. In addition, we noted in *Lowe* that the existence of a benefit to the employer was an important element in the analysis to determine whether an injury occurred in the course of the claimant's employment. *Id.*

Under the circumstances of the case at bar, we hold that the evidence was sufficient to support the Commission's finding that the appellee's injury arose out of and in the course of his employment as a police officer. Viewed in the light most favorable to that finding, the Commission could reasonably conclude that the appellee was motivated by the public interest, and that the attack upon his person, and the subsequent disturbance of the peace under the circumstances then present, constituted a serious criminal offense or threat to life requiring the appellee to act in his official capacity as a police officer. Moreover, we think that the City of El Dorado obtained a benefit from the appellee's actions in that a potentially serious breach of the peace was quelled without injury to nightclub patrons or other bystand-

ers. Finally, while we agree with the appellant that the legality of Davis's arrest is not entirely dispositive of the issue of whether the appellee's injury occurred within the course of his employment, we do not agree that this fact is irrelevant, for it tends to substantiate the appellee's assertion that a crime was committed in his presence, and that his injury occurred while he was exercising lawful authority.

Affirmed.

CORBIN, C.J. and CRACRAFT, J., agree.