KETCHER ROOFING COMPANY
and CNA Insurance Company *v.* Arzo JOHNSON

CA 94-733                                                    901 S.W.2d 25

Court of Appeals of Arkansas
En Banc
Opinion delivered June 28, 1995
[Rehearing denied August 16, 1995.*]

---

*Pittman, J., would grant.

*Wright, Lindsey & Jennings*, by: *John Davis*, for appellants.

*Dodds, Kidd, Ryan & Moore*, by: *Robert T. James* and *Donald S. Ryan*, for appellee.

JOHN E. JENNINGS, Chief Judge. Arzo Johnson was employed by Ketcher Roofing as a roofer on August 18, 1992, when he sustained an admittedly compensable injury to his back while lifting materials. He continued to work until about September 18, 1992, when he could no longer tolerate the pain and was sent by his employer to Dr. Scott Carle. Dr. Carle diagnosed him as having a lumbar strain and sciatica and prescribed medication and physical therapy. An MRI scan showed a bulging disc at L3-L4.

When Johnson's condition did not improve Dr. Carle referred him to Dr. John Wilson, an orthopedic surgeon, on October 8, 1992. On that same date Johnson filed a petition for a change of physician to Dr. Edward Hayes, a chiropractor, to which the appellants agreed. Dr. Wilson saw Johnson on October 13, 1992, and stated that he believed Johnson to have a "resolving lumbo sacral strain." Dr. Wilson prescribed four medicines and told Johnson to increase his activities and return to his normal work activities on October 20, 1992.

On the strength of Dr. Wilson's report, appellant terminated total temporary disability payments as of October 20. Johnson attempted to return to work but when he told his superintendent that his back was still hurting, he was told that there was no light duty available.

Johnson first saw Dr. Hayes on October 21, 1992, at which time Dr. Hayes excused him from work. In a report dated December 21, 1992, Dr. Hayes stated that Johnson was "relatively stabilized," that he had been contacted about Johnson seeing Dr. Wilson again and that he agreed with the decision, and that he felt that conservative treatment would keep the patient relatively pain free. Dr. Hayes also said, "If further treatment, such as surgery, is indicated, then his ability to return to that type work will have to be determined afterwards. My prognosis is very guarded concerning this patient."

Johnson testified that he is continuing to see Dr. Hayes and that the treatment he received has helped his condition. He also

testified that he was as yet unable to return to work. Mr. Johnson is fifty-nine years old and has a third grade education. He can neither read nor write.

■ Whether an employee's healing period has ended is a factual determination and is to be made by the Commission. *Johnson* v. *Rapid Die & Molding*, 46 Ark. App. 244, 878 S.W.2d 790 (1994). When the sufficiency of the evidence to support the Commission's findings of fact is challenged, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Thurman* v. *Clark Industries, Inc.*, 45 Ark. App. 87, 872 S.W.2d 418 (1994).

■ In the case at bar the Commission obviously believed the claimant's testimony that treatment he was receiving from Dr. Hayes was helping his condition. Clearly, the Commission may consider the claimant's testimony and choose to believe it. We cannot say that the Commission's determination that Johnson's healing period has not ended is not supported by substantial evidence.

Affirmed.

PITTMAN, J., and BULLION, S.J., dissent.

JOHN MAUZY PITTMAN, Judge, dissenting. The prevailing opinion affirms an order of the Arkansas Workers' Compensation Commission awarding appellee benefits for temporary total disability. I dissent for the following reasons.

Appellee was referred to Dr. John L. Wilson, an orthopedic surgeon. Appellee saw Dr. Wilson on October 13. Dr. Wilson treated appellee with medication and prescribed an exercise program. On October 20, 1992, Dr. Wilson advised appellee to return to normal work activities. Although noting tenderness and mild restriction of motion in appellee's lumbar spine, Dr. Wilson reported that appellee's MRI scan, X-rays, and straight leg raising test were negative. On October 21, 1992, appellee went to Dr. Edward G. Hayes, a chiropractor, and Dr. Hayes' report on December 21, 1992, stated:

> . . . I feel that because of the lumbar condition and his age, that conservative treatment such as mine will keep [appellee] relatively pain free, but will not allow him to return to the

type of work he was doing before the injury. If further treatment, such as surgery, is indicated, then his ability to return to that type work will have to be determined afterwards.

Dr. Hayes advised appellee to return to Dr. Wilson for treatment that might allow appellee to return to work. It is undisputed that appellee did not return to Dr. Wilson. Instead, appellee continued to receive treatment from Dr. Hayes. Appellee testified that his condition had not improved since the accident but that chiropractic treatment gave temporary relief for "maybe about a day."

Temporary disability is that period within the healing period in which an employee suffers a total or partial incapacity to earn wages. *Arkansas State Highway and Transportation Dep't* v. *Breshears*, 272 Ark. 244, 618 S.W.2d 392 (1981). The healing period is defined as that period for healing of the injury which continues until the employee is as far restored as the permanent character of the injury will permit. *Arkansas Highway and Transportation Dep't* v. *McWilliams*, 41 Ark. App. 1, 846 S.W.2d 670 (1993). If the underlying condition causing the disability has become more stable and if nothing further in the way of treatment will improve that condition, the healing period has ended. *Id.*; *Mad Butcher, Inc.* v. *Parker*, 4 Ark. App. 124, 628 S.W.2d 582 (1982). Conversely, the healing period has not ended so long as treatment is administered for the healing and alleviation of the condition. *Arkansas Highway and Transportation Dep't* v. *McWilliams, supra; J. A. Riggs Tractor Co.* v. *Etzkorn*, 30 Ark. App. 200, 785 S.W.2d 51 (1990). When there is treatment available to a claimant that could improve his condition, a claimant may not extend his healing period by simply refusing to consider such treatment. *Thurman* v. *Clarke Industries*, 45 Ark. App. 87, 872 S.W.2d 418 (1994). Here, appellee refused the only treatment Dr. Hayes stated might improve appellee's condition to enable him to return to work.

Appellee had the burden to prove that he remained within his healing period. *Nix* v. *Wilson World Hotel*, 46 Ark. App. 303, 879 S.W.2d 457 (1994). To remain within his healing period, appellee must demonstrate that he is receiving treatment for the "healing and alleviation" of his condition. *J.A. Riggs Tractor Company, supra*. Although appellee testified that Dr. Hayes' chiropractic treatment helped him, he indicated that it was tempo-

rary relief and after nine or ten months of such treatment, his condition had not improved.

For the foregoing reasons, I would reverse the Commission's decision and hold that appellee did not remain within his healing period and thus is not entitled to additional temporary total disability benefits subsequent to October 18, 1992.

BULLION, Special Judge, joins.