PILGRIMS PRIDE CORPORATION *v.* JoAnn CALDARERA

CA 95-883                                              923 S.W.2d 290

Court of Appeals of Arkansas
Division II
Opinion delivered June 12, 1996

*The Trammell Law Firm*, by: *Robert D. Trammell*, for appellant.

*The Whetstone Law Firm, P.A.*, by: *Gary Davis*, for appellee.

JOHN F. STROUD, JR., Judge. On June 23, 1992, JoAnn Caldarera suffered a knee injury in the poultry processing plant where she worked. She received initial medical treatment through the company physician, but eventually surgery was required. The employer, Pilgrims Pride, contested her claim for workers' compensation benefits. The administrative law judge found the claim compensable and found that she was entitled to temporary total disability benefits from September 1 through November 9, 1992, as well as reasonably necessary medical expenses related to the injury. After conducting a *de novo* review, the Workers' Compensation Commission affirmed and adopted the decision of the law judge. Pilgrims Pride now appeals, contending that the Commission erred in finding that Ms. Caldarera was injured during the course of her employment. We affirm.

A challenge to the Commission's findings constitutes a challenge to the sufficiency of the evidence to sustain the finding. *City of El Dorado v. Sartor*, 21 Ark. App. 143, 729 S.W.2d 430 (1987). In determining the sufficiency of the evidence to sustain the Commission's factual findings, we review the evidence in the light most favorable to those findings, and we must affirm if there is any substantial evidence to support them. *Id*. We may reverse the Commission's findings only when we are convinced that fair-minded

people with the same facts before them could not have arrived at the conclusion reached by the Commission. *Id.* It is the function of the Commission to draw inferences when testimony is open to more than one interpretation, and when it does, its findings have the force and effect of a jury verdict. *Clark v. Peabody Testing Serv.*, 265 Ark. 489, 579 S.W.2d 360 (1979). Determinations of the weight and credibility of the evidence are exclusively within the province of the Commission. *George W. Jackson Mental Health Ctr. v. Lambie*, 49 Ark. App. 139, 898 S.W.2d 479 (1995).

Both the claimant and her son testified at the hearing before the administrative law judge. Their testimony reveals that, immediately before the injury, the claimant was working at her station on the lower floor of the plant, and her son was working on a suspended catwalk above the floor. He was working alone on the chicken-wing machine, which usually was operated by more than one employee. When he could not keep up with the machine, chicken wings began "flying everywhere," and he "hollered for help." The wings hit workers below, including a female co-worker who accused him of throwing them at her. The two exchanged heated words. He said, "You bitch, get up here and help me." She ran up onto the catwalk, swinging her arms, and began hitting him. He put a hand in front of his glasses as her blows approached his face. A crowd gathered to watch, but neither security nor supervisory personnel came, and no one tried to stop the altercation.

The claimant testified that she was doing her job at the chicken-thigh machine on the main floor when this action took place on the catwalk. She saw her son's face redden just before he "reared his fist back like he was going to get her." The claimant screamed, "Don't hit her!" She stated that she left her machine and hurried to the catwalk to see if she could separate them. Her knee injury occurred when she slipped in her wet shoes on a metal step of the catwalk.

A claimant seeking benefits must prove by a preponderance of the evidence that the injury arose out of and in the course of the employment. *Deffenbaugh Indus. v. Angus*, 313 Ark. 100, 852 S.W.2d 804 (1993). "Arising out of the employment" refers to the origin or cause of the accident while the phrase "in the course of the employment" refers to the time, place, and circumstances under which the injury occurred. *Id.* The test for the course of employment requires that the injury occur within the time and space

boundaries of the employment, while the employee is carrying out the employer's purpose *or advancing the employer's interests directly or indirectly. Id.* (citations omitted) (emphasis added).

Appellant challenges the finding of compensability, relying upon *San Antonio Shoes* v. *Beaty*, 28 Ark. App. 201, 771 S.W.2d 802 (1989), for the proposition that injuries are not compensable when a workplace assault arises out of purely personal reasons. Appellant contends that appellee left her station to pursue an endeavor that was strictly personal and that appellee's actions were not in furtherance of her responsibilities to her employer.

The Commission found that the decision of the administrative law judge was supported by a preponderance of the credible evidence and correctly applied the law. Its opinion included the following conclusions:

> While Ms. Caldarera's movement toward the fight area was not strictly "in furtherance of her employer's business," she was certainly acting in the employer's best interest in trying to stop a fight in which far more grave injuries might have been incurred. . . .

Here appellee testified that she was hurrying to the catwalk to see if she could separate her son and his co-worker, and she stated that she probably would have made efforts to stop the fight even if her son had not been involved. We believe that reasonable minds could reach the Commission's conclusion that appellee's actions were not personal and that she was acting in her employer's best interest when she approached the catwalk and hit her knee. We therefore hold that substantial evidence supports the Commission's finding that appellee sustained a compensable injury.

Affirmed.

COOPER and MAYFIELD, JJ., agree.