KENNETH S. HIXSON, Judge
Appellant Megan E. Jones, a former police officer for the Little Rock Police Department, appeals from the denial of her claim for duty-related disability retirement benefits. The Arkansas Local Police and Fire Retirement System (LOPFI) found that Ms. Jones was not entitled to duty-related disability retirement benefits because her disabling injuries occurred *29 while she was an employee of Dillard's Department Store (Dillard's) and not the Little Rock Police Department. LOPFI instead awarded Ms. Jones nonduty-related disability retirement benefits.[1] The LOPFI Board of Trustees (the Board) confirmed this decision. Ms. Jones appealed the Board's findings to the Pulaski County Circuit Court, which upheld the Board's findings as being supported by substantial evidence and not arbitrary and capricious.
In this appeal, Ms. Jones argues that the Board's decision was not supported by substantial evidence, and also that the Board violated the Freedom of Information Act (FOIA) during the proceedings. Because we agree that the Board's decision was not supported by substantial evidence, we reverse and remand for an award of duty-related disability retirement benefits.
Arkansas Code Annotated section 24-10-607(c)(1)(A) (Repl. 2014) provides the legal standard that Ms. Jones had to meet to receive duty-related disability retirement benefits:
Any active member who while an active member becomes totally and permanently physically or mentally incapacitated for any suitable duty as an employee as the result of a personal injury or disease that the board finds to have arisen out of and in the course of his or her actual performance of duty as an employee may be retired by the board upon proper application filed with the board by or on behalf of the member or former member.
(Emphasis added.) The Board found that Ms. Jones failed to establish that the cause of her disability was duty related as required by the statute.
This appeal is governed by the Administrative Procedure Act (APA). Our review of an appeal under the APA is directed, not toward the circuit court, but toward the decision of the agency. Sexton v. Local Police and Fire Ret. Sys. , 2016 Ark. App. 496, 506 S.W.3d 248. For purposes of our review of this case, the APA provides that the agency decision may be reversed or modified if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decision are not supported by substantial evidence or are arbitrary, capricious, or characterized by an abuse of discretion. Ark. Code Ann. § 25-15-212(h) (Repl. 2014). Our court reviews the entire record to determine whether any substantial evidence supports the agency decision. State Sex Offender Risk Assessment Comm. v. Wallace , 2013 Ark. App. 654, 2013 WL 5965187. In determining whether substantial evidence exists to support an agency decision, we ascertain whether there is relevant evidence that a reasonable mind might accept as adequate to support the agency's conclusion. Id. The issue is not whether we would have made a different decision but rather whether reasonable minds could conclude as the agency did. Id.
Ms. Jones became a police officer for the Little Rock Police Department (the Department) in 2006. Subsequently, with the Department's permission, Ms. Jones obtained part-time employment at Dillard's. While working at Dillard's, Ms. Jones wore her full police uniform, and her duties were to deter crime and prevent shoplifting.
Two separate incidents occurred that caused injuries to Ms. Jones while discharging her duties at Dillard's. The first *30 occurred in 2008 when she was investigating a possible theft of store property. On that occasion, during the course of Ms. Jones's interaction with a suspect on the store parking lot, the suspect got into her SUV and struck Ms. Jones with the vehicle as the suspect fled the scene. The next incident at Dillard's occurred in 2012 when Ms. Jones was trying to apprehend three shoplifters; the shoplifters resisted, resulting in a physical altercation in which Ms. Jones was dragged to the floor. Ms. Jones sustained injuries to both knees and to her right ankle during these incidents. Despite these injuries, she was able to continue her employment as a police officer with the Department until July 2015, at which time her injuries had advanced to where she could no longer perform her duties.
Ms. Jones applied for duty-related disability retirement benefits in November 2015. In support of her claim, Ms. Jones submitted a letter from her physician stating that Ms. Jones was totally and permanently disabled from her job as a police officer as a result of her injuries. Ms. Jones also submitted copies of the felony information from the 2008 and 2012 incidents, which reflected that the perpetrators in each case had been charged with battery committed against Ms. Jones while she was acting as a police officer in the line of duty.
Ms. Jones testified at the hearing before the Board. Ms. Jones described the incidents that occurred at Dillard's in 2008 and 2012, and she stated that due to the injuries she received during those incidents, she could no longer safely discharge her duties as a police officer.
Ms. Jones described the scope of her part-time employment with Dillard's. She stated that she worked "off-duty" for Dillard's, during which time she was in uniform but was paid by Dillard's. Although her primary responsibilities were to deter crime and prevent shoplifting, Ms. Jones had the full authority, as a Little Rock police officer, to make arrests for any criminal acts she observed. Ms. Jones stated that, during the 2012 incident when she was injured, she was attempting to make an arrest. She further stated that she had gotten involved in other incidents while working at Dillard's that did not involve Dillard's. For example, on one occasion Ms. Jones took a report from a lady who had her purse stolen, and on another occasion she made contact with and assisted in arresting an intoxicated man who had passed out in his car with a child present. Ms. Jones indicated that Dillard's did not object to her participation in these other criminal episodes and that, had she not gotten involved, she would have been in trouble with the Department.
Ms. Jones testified that she had to obey the rules and regulations of the Department while working at Dillard's. If she did not obey Department regulations, she could be charged with dereliction of duty. Furthermore, per Department regulations, Ms. Jones was not allowed to enforce Dillard's personnel policies.
Ms. Jones acknowledged in her testimony that, after sustaining her injuries at Dillard's, she filed for workers' compensation with the Department and the Department denied the claims based on its belief that she was not on duty when she suffered the injuries. The Department turned the workers' compensation claims over to Dillard's, and Dillard's handled the claims and evidently paid workers' compensation benefits.
Officer Wayne Bewley, who is the assistant police chief for the Department, testified on Ms. Jones's behalf. Officer Bewley testified:
The Police Department has a General Order that covers off-duty employment and it is separated basically into two *31 parts. Police related off-duty and then non-police related off-duty, such as your own private business. For the police related off-duty the officers that want to work off-duty are required to submit the time they would work quarterly for each individual off-duty job they may have, and they have to go through their chain of command to determine if the job is approved, prior to being allowed to work. The policy that the Police Department has is very clear in so much as it requires officers that are working to recognize that the Little Rock Police Department is their employer, their primary employer that's their primary duty. They cannot accept off-duty employment if they are asked to do anything that is related to the business itself regardless of what that is. Their job there is to enforce the laws and only related to their function as a Little Rock Police Officer. When a police officer is working off-duty to enforce the law, Little Rock Police Department considers it under their authority as the Little Rock Police Department. The police officers are there to keep the peace and serve in a role as a police officer.
Based on his experience and training, Officer Bewley gave the opinion that, during both incidents at Dillard's, Ms. Jones was acting in the line of duty under her authority as a Little Rock Police Officer. Officer Bewley stated that, had Ms. Jones failed to respond to these criminal incidents, the Department would have initiated an investigation.
The LOPFI disability procedures provide that a medical advisor shall state in writing his or her medical opinion that the member is totally and permanently disabled from the duties of a police officer, and if the disability was or was not the result of the member's duties. Dr. Larry Nguyen performed an independent medical evaluation and concluded that Ms. Jones is totally and permanently disabled from her duties as a Little Rock Police Department police officer, and he believed the disability arose from her off-duty employment injuries sustained in 2008 and 2012.
Although she lists it as her second point on appeal, Ms. Jones argues that the Board's decision to deny her claim for duty-related disability retirement benefits was not supported by substantial evidence. Ms. Jones's first point is that the Board violated the provisions of the FOIA, and in particular Ark. Code Ann. § 25-19-106(c)(4) (Repl. 2017), because it failed to publicly vote on her claim at the hearing.[2] Because we agree with Ms. Jones's argument that the Board's decision was not supported by substantial evidence, we need not address the alleged FOIA violation.
Because there are a dearth of cases interpreting the provisions of the duty-related disability retirement statute, Ark. Code Ann. § 24-10-607(c)(1)(A), Ms. Jones cites workers' compensation cases in support of her argument that her injuries arose out of and in the course of her performance of duty as an employee of the Department. Although these cases are not dispositive, we agree that they offer guidance.
In City of El Dorado v. Sartor , 21 Ark. App. 143, 729 S.W.2d 430 (1987), the appellee police officer was off duty and out of uniform when he attempted to arrest a man causing a disturbance outside a night club and was injured. Notwithstanding *32 that the officer was out of uniform and was not "on the clock," the Workers' Compensation Commission found that the injury arose out of and in the course of the appellee's employment as a police officer and awarded benefits. We affirmed the finding of compensability, stating that it is in the nature of police work that an officer might at any time be called into duty, and holding that the Commission could reasonably conclude that the appellee was motivated by the public interest and was acting in his official capacity as a police officer.
In an earlier case, City of Sherwood v. Lowe , 4 Ark. App. 161, 628 S.W.2d 610 (1982), we affirmed the Workers' Compensation Commission's award of compensation for the dependents of a police officer who was killed in an accident while in uniform riding his motorcycle to work. In that case, we again stated that a police officer is on duty twenty-four hours a day and may at any time be called into service, either by the officer's superiors or by what the officer observes. We further expounded:
Regardless of whether he is required to wear his uniform or permitted to do so, the employer derives a benefit. A police officer in uniform has the same significance to the public whether the officer is technically on or off duty. The benefit derived by the employer is that the officer deters crime by his uniformed presence, he acts as a haven for those in need of protection, and he symbolizes a safe community.
....
To all outward appearances, Officer Lowe was on duty. He was armed, in uniform, and was operating a vehicle equipped with police blue lights within his jurisdiction. The City of Sherwood derived a benefit from his presence on the city streets in uniform and operating the police equipped vehicle.
City of Sherwood , 4 Ark. App. at 164-68, 628 S.W.2d at 613-15.
On the record before this court, we conclude that there was no substantial evidence to support the Board's finding that Ms. Jones's injuries did not arise out of and in the course of her actual performance of duty as an employee of the Department. The testimony before the Board demonstrated that, during Ms. Jones's part-time employment with Dillard's, she wore her full police uniform and was acting under her authority as a police officer. Ms. Jones was required to get the Department's permission to work at Dillard's, with the stipulation that her job was to enforce the laws pursuant to Department policy, keep the peace, and serve in the role as a police officer under the sole authority of the Department. If, during her part-time employment, Ms. Jones had failed to respond to criminal activity, she would have been subject to disciplinary measures by the Department. The Department clearly received a benefit from Ms. Jones's police presence at Dillard's, and Ms. Jones was performing her duties as an officer of the Department when she sustained her injuries. Therefore, we hold that the Board's finding that she was entitled to only nonduty-related disability retirement benefits must be reversed.
For the foregoing reasons, the decision of the Board is reversed and remanded for an award of duty-related disability retirement benefits.
Reversed and remanded.
Whiteaker and Murphy, JJ., agree.

There is no dispute that Ms. Jones is totally and permanently disabled. The question is whether she is entitled to duty-related or nonduty-related benefits, which will affect the annuity payable to Ms. Jones.

The Board's 4-1 vote denying duty-related retirement benefits was conducted in an executive session, with the result of the vote subsequently being publicly announced by the chairman.