Cite as 2024 Ark. App. 279

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-22-650

| | |
|---|---|
| GREGORY MILLS<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS LOCAL POLICE AND FIRE RETIREMENT SYSTEM<br><br>APPELLEE | Opinion Delivered April 24, 2024<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-21-213]<br><br>HONORABLE JOHN R. SCOTT, JUDGE<br><br>AFFIRMED |

**MIKE MURPHY, Judge**

Appellant Gregory Mills, a former firefighter, appeals from the denial of his claim for duty disability retirement. The Arkansas Local Police and Fire Retirement System (LOPFI) denied his request. The LOPFI Board of Trustees (the Board) confirmed this decision. Mills appealed the Board's findings to the Benton County Circuit Court, which upheld the Board's findings. On appeal, Mills seeks reversal, alleging that the ruling is not supported by substantial evidence and that the denial was arbitrary, capricious, or characterized by an abuse of discretion. He also asks us to consider that as both the agency determining eligibility and the plan administrator, LOPFI has an inherent conflict of interest. We affirm.

Mills was employed as a firefighter and an emergency medical technician beginning in 2008. Most recently, he worked for nine years with the Bella Vista Fire Department and

volunteered at the Little Flock Fire Department. In 2017, Mills began seeking help through the anonymous first-responder hotline. In June 2019, he sought formal treatment and began therapy in July for "recurrent and intrusive recollections of traumatic events" that were affecting his well-being.

In October 2019, the City of Bella Vista placed him on medical leave in response to his doctor's statement that he was undergoing eye movement desensitization and reprocessing therapy and that, if at all possible, Mills needed to avoid new traumatic events. The City's letter stated, "We have concluded that the nature of your position as a Firefighter/Paramedic, even if you currently are not on ambulance duty, could put you in a work situation at any time that would result in a 'new traumatic' event. . . . [T]herefore effective immediately [we] are placing you on medical leave of absence." On April 4, 2020, the Bella Vista Fire Department terminated his employment because Mills was notified that he had been approved for a long-term disability policy.

On April 14, Mills applied for duty-related disability benefits, asserting a claim of posttraumatic stress disorder (PTSD), which he alleged resulted from experiences occurring in the line of duty.

Arkansas Code Annotated section 24-10-607(c)(1)(A) and (B) (Supp. 2023) provides the legal standard that Mills had to meet to receive duty-related disability retirement benefits:

> (c)(1)(A) Any active member who while an active member becomes totally and permanently physically or mentally incapacitated for any suitable duty as an employee as the result of a personal injury or disease that the board finds to have arisen out of and in the course of his or her actual performance of duty as an employee may be

2

retired by the board upon proper application filed with the board by or on behalf of the member or former member.

(B) The employee shall be retired only if, after a medical examination of the member or former member made by or under the direction of a physician or physicians designated by the board, the physician reports to the plan in a manner prescribed by the board that the member or former member is physically or mentally totally incapacitated for the further performance of any suitable duty, that the incapacity will be permanent, and that the member or former member should be retired.

The Board's designated physician, Dr. Podkova, examined Mills and reviewed his medical records submitted to LOPFI. On June 29, 2020, Dr. Podkova issued a detailed report and determined that Mills was not totally and permanently disabled from his firefighting activity. Dr. Podkova concluded that Mills met the criteria for PTSD and that it was more likely than not that Mills's PTSD arose from his employment. However, she opined that the disability was not total and permanent due, among other things, to Mills's mental status, the severity of his impairment, his noted improvement in symptoms with treatment, his presentation, and the fact that he continued to volunteer with the Little Flock Fire Department in addition to his full-time employment with the Bella Vista Fire Department for a period of years after he started seeking help for his PTSD symptoms.

Dr. Podkova's report provided information from three opposing physicians that reported Mills had become completely and permanently disabled around October 24, 2019. Concerning the opposing opinions, Dr. Podkova stated,

This information was insufficient to dissuade me from my opinion. As noted earlier, Mr. Mills' symptoms do not appear severe and he continued to volunteer for a different fire department while he was reporting serious problems meeting his work responsibilities at the Bella Vista Fire Department. While his symptoms may have

3

been more severe in the past, he reported improvement with treatment. It should also be noted Dr. Mecum initially noted Mr. Mills' disability was not total or permanent but she later amended her opinion.

On June 30, the executive director of LOPFI sent a letter to Mills notifying him that because of the results of Dr. Podkova's examination, LOPFI will not be permitted to approve a duty disability benefit. Mills filed a timely appeal to the Board. In accordance with the appeal process, Mills submitted additional evidence to support his case. LOPFI provided the additional evidence to Dr. Podkova and asked her to review the new information and advise whether the results of the June review had changed. Dr. Podkova issued an addendum to her report that stated, "Overall, the totality of the information available to me did not support total and permanent disability."

On January 7, 2021, a hearing was held before the Board. A "joint exhibit" containing all Mills's pertinent medical records were introduced into evidence as well as Dr. Podkova's reports. Mills testified at the hearing, but no witnesses were presented to corroborate his testimony. On the basis of the testimony, exhibits, and other evidence presented, the Board determined, by a unanimous vote, that "after thoroughly weighing all the medical opinions in the record," Mills did not show that a total and permanent disability is present. The Board concluded that because Mills's condition was not total and permanent, it did not meet the statutory requirements for an award of duty disability.

On January 26, Mills sought judicial review of the decision by the Benton County Circuit Court. Following a hearing, the court entered an order affirming the LOPFI decision. This appeal followed.

This appeal is governed by the Administrative Procedure Act (APA). Our review of an appeal under the APA is directed, not toward the circuit court, but toward the decision of the agency. *Sexton v. Local Police and Fire Ret. Sys.*, 2016 Ark. App. 496, 506 S.W.3d 248. For purposes of our review of this case, the APA provides that the agency decision may be reversed or modified if the substantial rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions, or decision are not supported by substantial evidence or are arbitrary, capricious, or characterized by an abuse of discretion. Ark. Code Ann. § 25-15-212(h) (Repl. 2014). This court reviews the entire record to determine whether any substantial evidence supports the agency decision. *Jones v. Ark. Loc. Police & Fire Ret. Sys.*, 2018 Ark. App. 287, at 2–3, 550 S.W.3d 27, 29. In determining whether substantial evidence exists to support an agency decision, we ascertain whether there is relevant evidence that a reasonable mind might accept as adequate to support the agency's conclusion. *Id.* The issue is not whether we would have made a different decision but rather whether reasonable minds could conclude as the agency did. *Id.*

Mills first argues the denial of duty disability benefits was not based on substantial evidence. His argument is a request to reweigh the evidence.

Dr. Podkova examined and interviewed Mills and reviewed all of his submitted medical records. While she agreed with the other medical professionals that Mills suffers from PTSD that resulted from his employment, she reported that Mills was not totally and permanently disabled. She believed Mills's symptoms could improve with treatment because

he did not present with severe symptoms during her evaluation, and he consistently presented himself with a normal affect.

Dr. Podkova found it significant that Mills was volunteering while he also reported symptoms of PTSD before he went on medical leave. While he had not volunteered since 2019, he began treatment for PTSD symptoms in 2017. She found it counterintuitive to seek more firefighting work if that work was causing severe psychological distress. Additionally, she noted that Mills was seeking out stimuli related to the fire department; for instance, he attended a 9/11 memorial service for emergency responders. Mills contends that it is the mentality of a firefighter to "suck it up and go on"; and while this may be so, Dr. Podkova's report acknowledges that a change in vocation may be difficult, but it is not considered to be a traumatic event according to the *Diagnostic and Statistical Manual of Mental Illness* (5th ed. 2013).

Dr. Podkova also opined that Mills has not received the most effective treatment available for his condition because research shows that trauma-focused therapy is highly effective in treating PTSD. Overall, her evaluation is valid and supported by evidence such that a reasonable mind could reach this conclusion. Moreover, Mill's subjective symptoms were not corroborated by any witness testimony other than his own.

Mills contends that because three other experts reached the opposite conclusion of that of Dr. Podkova, "[a]t the very least, a 'fair-minded person' would raise an eyebrow that 'the Board's medical advisor' was the only medical professional who believed that [Mills] was not totally and permanently disabled." However, as he acknowledges, this is not a "majority

rules" situation; so even if there are three other conflicting opinions, it does not mean that Dr. Podkova's report is not substantial. Dr. Podkova offered an explanation as to why the opposing information did not dissuade her from her own opinion, referring to detailed scientific observations and research studies.

The credibility and the weight of the evidence are within the Board's discretion, and it is the prerogative of the Board to believe or disbelieve any witness and to decide what weight to accord that evidence. *Williams v. Ark. State Bd. of Physical Therapy*, 353 Ark. 778, 785, 120 S.W.3d 581, 586 (2003). Even if we might have made a different choice, the Board's choice cannot be displaced because it is supported by substantial evidence.

Next, Mills contends his rights were prejudiced because LOPFI's denial was arbitrary, capricious, and constituted an abuse of discretion. This argument lacks merit.

The requirement that the agency's decision not be arbitrary or capricious is less demanding than the requirement that it be supported by substantial evidence. *Collie v. Ark. State Med. Bd.*, 370 Ark. 180, 187, 258 S.W.3d 367, 372 (2007). To be invalid as arbitrary or capricious, an agency's decision must lack a rational basis or rely on a finding of fact based on an erroneous view of the law. *Id.* Where the agency's decision is supported by substantial evidence, it automatically follows that it cannot be classified as unreasonable or arbitrary. *Id.*

Mills fails to provide convincing additional support to substantiate his claim that the Board acted without consideration and with a disregard of the facts or circumstances of the case. Because there is substantial evidence on the record supporting the Board's decision, the decision cannot be classified as arbitrary and capricious.

7

For his final point, Mills argues that as both the agency determining eligibility and the plan administrator, LOPFI has an inherent conflict of interest that should be considered on appeal. However, it is essential to judicial review under the APA that issues must be raised before the administrative agency appealed from or they will not be addressed by this court. *Parkman v. Sex Offender Screening & Risk Assessment Comm.*, 2009 Ark. 205, at 23–24, 307 S.W.3d 6, 20. Because Mills failed to raise this argument below, we will not address it.

For the foregoing reasons, we affirm.

Affirmed.

ABRAMSON and THYER, JJ., agree.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups*, for appellant.

*Richard L. Ramsay*, for appellee.